IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 29, 2020

## WILLIAM MATNEY PUTMAN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Carter County
No. 25335    Lisa Rice, Judge**

_____

### No. E2019-01608-CCA-R3-PC

_____

Over twenty-five years ago, William Matney Putman, Petitioner, pled guilty to first-degree felony murder, attempted robbery, and aggravated robbery. He was sentenced to an effective sentence of life without the possibility of parole. *See William Matney Putman v. State*, No. E2004-02192-CCA-R3-CD, 2005 WL 1996634, at *1 (Tenn. Crim. App. Aug. 18, 2005), *perm. app. denied*, (Tenn. Dec. 19, 2005) ("*Putman I*"). The post-conviction court summarily dismissed Petitioner's second petition for post-conviction relief. After review, we affirm pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT H. MONTGOMERY, JR., JJ., joined.

William Matney Putman, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Ken C. Baldwin, District Attorney General; and Matthew Roark, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**
*Facts and Procedural History*

Petitioner, William Matney Putman, was sentenced to an effective sentence of life without parole, following his guilty pleas to first degree murder, aggravated robbery, and attempted robbery in 1995. In 2002, he filed a petition for writ of habeas corpus arguing

that life without parole was not a sentencing option for first degree murder at the time he committed the offense. The habeas corpus court agreed and granted relief for the sole purpose of vacating Petitioner's sentence of life without parole. *Putman I*, 2005 WL 1996634, at *1. Petitioner was resentenced to life. On appeal, this Court affirmed Petitioner's new sentence. In 2006, Petitioner filed a petition for post-conviction relief alleging ineffective assistance of counsel. *William Putman v. State*, No. E2006-00806-CCA-R3-PC, 2007 WL 1989019, at *1 (Tenn. Crim. App. July 11, 2007), *perm. app. denied* (Tenn. Oct. 15, 2007) ("*Putman II*"). The post-conviction court summarily dismissed the petition because it was untimely, the Petitioner would be unable to prove prejudice, and the petition did not state a colorable claim. *Id.* This Court affirmed the post-conviction court. *Id.* In June 2008, Petitioner filed a second writ for habeas corpus which was dismissed because Petitioner had not shown his conviction was void. *William Putman v. Bell*, No. M2008-02739-CCA-R3-HC, 2009 WL 2030426, at*1, (Tenn. Crim. App. July 14, 2009), *perm. app. denied* (Tenn. Dec. 14, 2009) ("*Putman III*"). *Id*. This Court affirmed the dismissal of the writ for habeas corpus. *Id*.

Petitioner filed the current petition for post-conviction relief on July 15, 2019. He argued that his 2006 petition for post-conviction relief was timely and improperly denied, that the post-conviction court erred in not making findings of fact and conclusions of law, that his 1995 plea was not knowing or voluntary, that the trial court did not have jurisdiction to accept his plea, that the trial court improperly altered the terms of his original plea, and that the trial judge had a personal bias. The post-conviction court found that Petitioner's 2006 post-conviction petition was no longer pending and that "[p]ursuant to the provisions of Tennessee Rules of Post[-]Conviction Procedure 28, Section 5(B), 'Each Petitioner shall be entitled to file only one petition for each conviction or sentence incurred.'" Additionally the post-conviction court stated that any ground not raised in a petition previously is waived. The petition was summarily dismissed, without a hearing. Petitioner now appeals from the post-conviction court's dismissal.

*Analysis*

Petitioner argues that the time for filing a post-conviction petition started after the conclusion of his appeal from resentencing. Therefore, he claims that his original 2006 post-conviction petition was timely filed and, by extension, that his current petition is timely filed. He argues that the post-conviction court improperly dismissed his current petition without a hearing. Petitioner also alleges that his 1995 plea was involuntary and unknowingly entered because his negotiated sentence was illegal, that the court did not have jurisdiction to accept his plea because it included an illegal sentence, and that resentencing Petitioner violated his due process rights because Petitioner did not consent

to a life sentence. The State argues that the post-conviction court properly dismissed Petitioner's post-conviction petition.

Tennessee Code Annotated section 40-30-102(c) provides in part:

This part contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed.

Petitioner filed his first post-conviction petition in 2006. His 2006 petition was summarily dismissed as untimely filed, and the post-conviction court found that Petitioner's claims were not colorable. This Court affirmed the post-conviction court. *Putnam II*, 2007 WL 1989019, at *1. This petition is the second post-conviction petition and is barred by the one-petition rule. The judgment of the post-conviction court is affirmed. No additional analysis is needed.

*Conclusion*

We determine, sua sponte, that this case meets the criteria of Rule 20 of the Rules of the Court of Criminal Appeals, which provides inter alia:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

The judgment is rendered or the action is taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge . . . and

No error of law requiring a reversal of the judgment or action is apparent on the record.

*See Larry L. Preston v. State*, No. E2007-02458-CCA-R3-PC, 2008 WL 2448318 at *2 (Tenn. Crim. App. June 18, 2008) ("… this court's use of Rule 20 to summarily affirm a lower court's action is not limited to cases in which the State moves for such relief.").

Accordingly, the judgment of the post-conviction court is hereby affirmed in accordance with Rule 20.

_____
TIMOTHY L. EASTER, JUDGE